IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEVIN KING and CHRISTOPHER FRISCO, Individually and on behalf of all others similarly situated | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 2:15-cv-282 |
| v. | § § | JURY TRIAL DEMANDED |
| WASTE FACILITIES, INC. AND MUD PUDDLES SERVICES, LLC | § § § | COLLECTIVE ACTION |
| *Defendants* | § | PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Kevin King and Christopher Frisco bring this action individually and on behalf of all individuals (hereinafter "Plaintiffs and the Potential Class Members" or "Day Rate Workers") employed by Waste Facilities, Inc. ("WFI") and/or Mud Puddles Services, LLC ("Mud Puddles") (collectively, "the Defendants"), at any time during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1.1 This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

1.2 Plaintiffs and the Potential Class Members are those persons who worked for Defendants within the last three years and were paid a flat sum for each day worked

("day rate") plus a non-discretionary job bonus, but did not receive overtime for all hours worked over 40 in each workweek (the "Day Rate Workers").

1.3 The FLSA requires that all forms of compensation—including the non-discretionary job bonuses paid to the Day Rate Workers—be included in the calculation of the regular rate of pay for overtime purposes.

1.4 Plaintiffs and the Potential Class Members were also required to engage in unpaid or off-the-clock work activities including daily safety meetings before the beginning of their regularly scheduled shifts.

1.5 Plaintiffs and the Potential Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.6 Plaintiffs and the Potential Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.7 The decision by Defendants not to pay overtime compensation to Plaintiffs and the Potential Class Members was neither reasonable nor in good faith.

1.8 Defendants knowingly and deliberately failed to compensate Plaintiffs and the Potential Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.9 Plaintiffs and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiffs and the Potential Class Members are blue-collar workers who performed technical and manual labor type job duties in the oilfield.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

1.10    Plaintiffs and the Potential Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.11    Plaintiffs also pray that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1    Plaintiff Kevin King ("King") is an individual who resides in Rockport, Aransas County, Texas and was employed by WFI and Mud Puddles within the meaning of the FLSA in this judicial district within the relevant three-year period. Plaintiff King's consent to be a party plaintiff is attached hereto as Exhibit "A."

2.2    Plaintiff Christopher Frisco ("Frisco") is an individual who resides in Rockport, Aransas County, Texas and was employed by WFI within the meaning of the FLSA in this judicial district within the relevant three-year period. Plaintiff Frisco's consent to be a party plaintiff is attached as Exhibit "B."

2.3    The Potential Class Members are those current and former employees who work (or have worked) for WFI and Mud Puddles in the past three years and have been subjected to the same illegal pay system under which Plaintiffs King and Frisco worked and were paid (the "Day Rate Workers").

2.4    Waste Facilities, Inc. ("WFI") is a Texas corporation with its principal place of business in Premont, Jim Wells County, Texas. WFI may be served through its registered agent for service, Turner Stone & Co., LLP, 12700 Park Central Drive, Suite 1610, Dallas, Texas 75251.

2.5     Mud Puddles Services, LLC ("Mud Puddles") is a Texas limited liability company and may be served through its registered agent for service, Scott Meek, 8005 Rosecreek Court, Burleson, Texas 76028.

2.6     Defendants WFI and Mud Puddles are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiffs and the Potential Class Members. Discovery will show that there are no real, legitimate or other meaningful differences between the two entities. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the Act, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

3.2     This Court has personal jurisdiction over WFI and Mud Puddles because the cause of action arose within this district as a result of WFI and Mud Puddle's conduct within this District.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, WFI resides and conducts substantial business in this District and Division. Moreover, Plaintiffs King and Frisco worked in and resided in this District and Division throughout their employment with WFI and Mud Puddles.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b) & (c).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been an employer or employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been an enterprise or enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been an enterprise or enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Potential Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiff and the Potential Class Members are (or were) non-exempt employees who worked for Defendants and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7 At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8 The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Day Rate Workers employed by Waste Facilities, Inc. and/or Mud Puddles Services, LLC, at any time from June 22, 2012 to the present."

4.9 The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## FACTS

5.1 WFI touts itself as the market leader in environmental surface disposal and bio-remediation in the State of Texas. Defendant WFI maintains locations in four counties within the State of Texas and offers the handling, disposing and reclaiming of drilling fluids and cuttings associated with drilling waste from natural gas rigs across the State of Texas.[2]

---

[2] *See* http://wastefacilities.com/page0.html.

5.2     WFI operates both oil-based and water-based facilities throughout South Texas and the surrounding Eagle Ford Shale area but its primary operations are located near Premont, Jim Wells County, Texas.[3]

5.3     Mud Puddles provides a variety of well site services to the oil and gas industry throughout the State of Texas, including but not limited to, site maintenance, clean-up and removal of materials associated with drilling waste from oil wells and natural gas rigs.

5.4     To provide their services, WFI and Mud Puddles employed (and continue to employ) numerous Day Rate Workers—all of these individuals make up the putative or potential class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work in the oilfield.

5.5     Plaintiffs and the Potential Class Members were (and are) paid a day rate plus a non-discretionary job bonus for time worked at a well site/drilling location.[4]

5.6     Plaintiffs and the Potential Class Members were (and are) also required to engage in unpaid off-the-clock work activities. Specifically, Plaintiffs and the Potential Class Members were required to attend daily 30-minute pre-shift safety meetings at the well site.

5.7     Although widely understood by employers across the United States to be compensable time under the FLSA, Defendants did not (and do not) pay Plaintiffs and the Potential Class Members for this time.

---

[3] *See* http://wastefacilities.com/page12.html.

[4] True and correct copies of a Mud Puddles pay stub dated December 5, 2014 and a WFI bonus sheet dated February 5, 2015, both for Plaintiff King, are attached hereto as Exhibits "C" and "D."

5.8     This uncompensated work performed by Plaintiffs and the Potential Class Members accounts for many hours of unpaid work per week by Plaintiffs and the Potential Class Members.

5.9     Upon information and belief, Plaintiffs and the Potential Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or their clients.

5.10    Upon further information and belief, Plaintiffs and the Potential Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients. Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiffs and the Potential Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, Plaintiffs and the Potential Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.11    Indeed, Plaintiffs and the Potential Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

5.12    Plaintiffs and the Potential Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.13   Plaintiffs and the Potential Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.14   Moreover, Plaintiffs and the Potential Class Members did not (and currently do not) supervise two or more employees.

5.15   Plaintiffs and the Potential Class Members worked (and continue to work) long hours. Specifically, Defendants regularly scheduled the Day Rate Workers for a minimum of 12 hours per day and they regularly worked a minimum of 84 hours per week.[5]

5.16   Upon information and belief, the non-discretionary bonuses paid to Plaintiff and the Potential Class Members were meant to encourage and motivate Plaintiff and the Potential Class Members to work harder and to reward them for their hard work.

5.17   Upon information and belief, the non-discretionary bonuses were based upon a pre-determined formula established by Defendants. Moreover, specific criteria had to be met in order to receive the job bonuses.

5.18   When Plaintiffs and the Potential Class Members met the criteria, they were entitled to receive the job bonuses.

5.19    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

---

[5] True and correct copies of sample WFI Rig Service Tickets / Timesheets for Plaintiffs King and Frisco dated February 15, 2015 and February 25, 2015, respectively, are attached hereto as Exhibits "E" and "F."

5.20    Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) should have been included in Plaintiffs and the Potential Class Members' regular rates of pay before any and all overtime multipliers were applied.

5.21    Not only did Defendants fail to include these non-discretionary job bonuses in the Day Rate Workers' regular rates of pay before applying any and all overtime multipliers, Defendants did not pay any overtime at all for work in excess of forty (40) hours per week.

5.22    Defendants denied Plaintiffs and the Potential Class Members overtime pay as a result of a widely applicable, illegal pay practice. Specifically, Plaintiffs King and Frisco regularly worked in excess of 40 hours per week but never received overtime compensation. Instead of paying overtime, Defendants applied this pay practice despite clear and controlling law that states that the manual labor/technical duties that were performed by the Day Rate Workers consisted of non-exempt work.

5.23    Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for

their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay the Day Rate Workers overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and employer(s), and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5     The Day Rate Workers, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, the Day Rate Workers are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiffs King and Frisco.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Potential Class Members are "all Day Rate Workers employed by Waste Facilities, Inc. and/or Mud Puddles Services, LLC, at any time from June 22, 2012 to the present."

6.11    Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members.

6.12    Thus, Plaintiffs King and Frisco's experiences are typical of the experiences of the Potential Class Members.

6.13    The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.14    All of the Potential Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Day Rate Workers are blue-collar oilfield workers entitled to overtime after 40 hours in a week.

6.16    Defendants employed a substantial number of workers in the United States during the past three years. These workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

6.17    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

6.18    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL DAY RATE WORKERS EMPLOYED BY WASTE FACILITIES, INC. AND/OR MUD PUDDLES SERVICES, LLC, AT ANY TIME FROM JUNE 22, 2012 THROUGH THE PRESENT.**

## VII.
## RELIEF SOUGHT

7.1    Plaintiffs respectfully pray for judgment against Defendants as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in

the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

   e. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

   f. For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

   g. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   h. For an Order awarding Plaintiffs service awards as permitted by law;

   i. For an Order compelling the accounting of the books and records of Defendants; and

   j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@swhhb.com
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
csico@swhhb.com
Sico, White, Hoelscher, Harris & Braugh LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

And

Timothy D. Raub
Federal I.D. No. 22942
Texas Bar No. 00789570
timraub@raublawfirm.com
Raub Law Firm, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/880-8181
Facsimile: 361/887-6521

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND POTENTIAL CLASS MEMBERS**